IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FORREST WOODS,                         )
                                       )
                  Petitioner,          )
                                       )    Wayne R. Andersen
         v.                            )    District Judge
                                       )
YOLANDE JOHNSON,                       )    Case No. 07 C 0438
Warden, Pinckneyville Correctional Center )
                                       )
                  Respondent           )

## MEMORANDUM OPINION AND ORDER

This case is before the court on Forrest Woods's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Section 2254"). For the following reasons, the petition for habeas corpus is denied.

## Background

Petitioner does not challenge the statement of facts set forth in the order of the Illinois Appellate Court affirming the denial of his second post-conviction petition. *People v. Woods*, No. 1-02-2517 (Ill. App. Ct. 1st Dist. Jan 9, 2004). For purposes of federal habeas review, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e). Accordingly, we will adopt the facts of petitioner's trial as our own.

Following a bench trial, defendant Forrest Woods was found guilty of first degree murder and sentenced to 40 years' imprisonment. At trial, the State's evidence showed that on July 10, 1995, at some time between 11:30 p.m. and 12:00 a.m., defendant fatally shot Omar Wilson in the head in the presence of Omar's sister, Kenya Wilson. Kenya Wilson testified that she

observed defendant standing behind her brother for three minutes immediately before the shooting, which she witnessed. Omar's brother, Terrell Wilson, testified that, after hearing the gunshot, he observed defendant attempting to break into a bathroom to which Kenya Wilson had fled.

The Wilsons provided a description of defendant to the police and, approximately 10 days after the shooting, Kenya Wilson identified a photograph of defendant from an array of seven photographs. The following day, Kenya and Terrell Wilson separately identified defendant in a lineup. The Wilsons also identified defendant as the shooter at trial.

At the hearing on defendant's pretrial motion to quash arrest and suppress evidence, the trial court rejected defendant's contention that the photographic identification was suggestive.

## PROCEDURAL HISTORY

<u>Direct Appeal</u>

On direct appeal, the petitioner claimed that his sentence was excessive and an abuse of the trial court's discretion. The Illinois Appellate Court, First District, affirmed his sentence on December 23, 1997, holding that the petitioner waived his excessive sentence claim by failing to file a written post-sentencing motion. The petitioner appealed to the Illinois Supreme Court, raising the same abuse of discretion claim. The court denied the petition for leave to appeal on December 2, 1998.

<u>Petitioner's First Post-Conviction Petition for Relief</u>

The petitioner filed his first pro se petition for post-conviction relief in the Circuit Court of Cook County on March 31, 1999. He claimed that: 1) the photographs shown to a state witness were unnecessarily suggestive; 2) he was denied his right to counsel when placed in

lineup without counsel present; and 3) trial counsel was ineffective for failing to call alibi witnesses in his defense. On May 28, 1999, the trial court dismissed this petition, noting that such issues could and should have been presented on direct appeal.

On appeal to the Illinois Appellate Court, the petitioner argued that: 1) the petition set forth the gist of a meritorious claim that the defendant's in-court identification was tainted; and 2) the claim of ineffective assistance of counsel was not subject to waiver when trial counsel and direct appeal counsel were from the same public defender's office. On October 22, 2001, the Appellate Court affirmed, holding that: 1) the identification claim could have been raised on direct appeal and was thus waived and 2) the claim of ineffective assistance of counsel was not waived, but was without merit because the potential alibi witness's "testimony would not have likely changed the outcome of the trial." Petitioner's brother, Harold Woods, stated in his affidavit that he "did not recall [petitioner] leaving the room on the night of the shooting," which the court found inconclusive.

Petitioner presented the following issues to the Illinois Supreme Court on appeal: 1) he had presented a proper unduly suggestive identification claim, about which the fundamental fairness required relaxation of the waiver rule; and 2) the Appellate Court erred in affirming the ineffective assistance of counsel claim for failing to call any alibi witnesses because the petition had set forth the gist of such a claim. The Illinois Supreme Court denied the petition for leave to appeal on February 6, 2002.

Petitioner's Second Post- Conviction Petition for Relief

Petitioner filed a second pro se petition for post-conviction relief on May 20, 2002. He claimed that: 1) trial counsel was ineffective for failing to call alibi witnesses, and 2) post-conviction appellate counsel was ineffective for failing to argue that both trial and direct appeal

3

counsel were ineffective for failing to raise the alibi issue. The trial court summarily dismissed this petition on July 30, 2002, as failing "to allege any points that have either been previously ruled on or which would have changed the outcome of the case."

On appeal to the Illinois Appellate Court, petitioner argued that the trial court erred because: 1) his second post-conviction petition raised a non-frivolous claim of ineffective trial counsel for failing to call alibi witnesses, (his mother and brother-in-law) and 2) the Post-Conviction Hearing Act does not permit summary dismissal on the procedural grounds of untimeliness or successiveness. The Appellate Court affirmed on January 9, 2004, holding that "the procedural bar of waiver may be applied to summarily dismiss a successive post-conviction petition," and there was "no reason why [petitioner] could not have raised these issues in his first post-conviction appeal." On May 26, 2004, the Illinois Supreme Court denied the petition for leave to appeal.

<u>Petitioner's Third Post- Conviction Petition for Relief</u>

The petitioner filed a third pro se petition for post-conviction relief on November 24, 2004. He made the following claims:

1) direct appeal counsel was ineffective for failing to:
    a. properly raise the excessive sentence issue by invoking the plain error doctrine;
    b. present evidence to directly refute testimony by the state's eyewitness;
    c. argue that the photo identification was unduly suggestive;
    d. argue that the physical lineup identification was unduly suggestive;
    e. argue that trial counsel was ineffective for failing to file a motion to suppress the in-court identification on the grounds that the photo and physical lineups were unduly suggestive;
    f. argue the trial counsel was ineffective for failing to object to the photo and physical lineup identifications as unduly suggestive;
2) trial counsel was ineffective for failing to:
    a. present evidence to directly refute testimony by the state's eyewitness;

4

    b. file a motion to suppress the photo identification on the grounds that it was unduly suggestive;
    c. file a motion to suppress the physical lineup as unduly suggestive;
    d. file a motion to suppress the in-court identification on the ground that the pre-trial identifications were unduly suggestive;
    e. object to the introduction of the photo and physical lineup identifications as unduly suggestive;
    f. allow petitioner to testify; and
  3) petitioner was not found guilty beyond a reasonable doubt.

The trial court dismissed the petition on January 28, 2005, as "frivolous and patently without merit."

  On appeal to the Illinois Appellate Court, the petitioner's counsel filed a motion to withdraw pursuant to *Pennsylvania v. Finley,* 481 U.S. 551 (1987). Counsel stated that after reviewing the record, she had concluded that an appeal would be frivolous because she could not argue why petitioner should be allowed to present these claims now, having not raised them in his original post-conviction petition. On June 30, 2006, the court granted counsel's *Finley* motion and affirmed the summary dismissal. The Appellate Court's order noted that it had reviewed the record in the case, as well as all pleadings, and had found no issues of arguable merit.

  Petitioner appealed to the Illinois Supreme Court, arguing the three claims raised on appeal, including their 12 subclaims, and further claimed that his constitutional rights were violated by: 1) an unduly suggestive identification procedures, and 2) an arrest that resulted from hearsay evidence. The court denied the petition for leave to appeal on November 29, 2006.

Petitioner's 28 U.S.C. § 2254 Proceeding

  Petitioner subsequently brought this petition for writ habeas corpus on January 23, 2007, which sets forth the following 17 claims:

1) trial counsel was ineffective for failing to:
    a. present evidence that refutes the testimony given by the state's eyewitness;
    b. file a motion to suppress the unconstitutional use of the unduly suggestive photo array;
    c. file a motion to suppress the unconstitutional use of the unduly suggestive physical lineup;
    d. file a motion to suppress the in-court identification that was tainted by the unduly suggestive pre-trial identifications;
    e. object to the unduly suggestive photo array and physical lineup being entered into evidence;
    f. contact, interview, and call alibi witnesses Ranardo Harris, Earline Woods, and Harold Woods;
    g. allow petitioner to testify;
2) the trial judge failed to find petitioner guilty beyond a reasonable doubt;
3) direct appeal counsel was ineffective for failing to:
    a. properly raise and present the excessive sentence issue by invoking the plain error doctrine;
    b. present evidence that refutes the testimony given by the state's eyewitness;
    c. raise the issue of the unduly suggestive photo array;
    d. raise the issue of the unduly suggestive physical lineup;
    e. raise the issue of trial counsel's ineffectiveness for failing to move to suppress the in-court identification on the grounds that it was tainted by the unduly suggestive pre-trial identifications;
    f. raise the issue of trial counsel's ineffectiveness for failing to move to object to the photo array and physical lineup; and
4) petitioner's Sixth and Fourteenth Amendment rights were violated by the use of an unduly suggestive photo array;
5) petitioner's Sixth and Fourteenth Amendment rights were violated by the use of an unduly suggestive physical lineup; and
6) petitioner's Sixth and Fourteenth Amendment rights were violated and he was denied due process and a fair trial because his arrest stemmed from hearsay evidence given by an unidentified source.

## DISCUSSION

Federal courts may issue a writ of habeas corpus if a petitioner demonstrates that he is "in [state] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Moffat v. Gilmore*, 113 F.3d 698, 702 (7th Cir. 1997). In other words, "federal courts can grant habeas relief only when there is a violation of federal statutory or constitutional

law." *Vecchio v. Illinois Dep't. of Corrections*, 31 F.3d 1363, 1370 (7th Cir. 1994) (en banc) (quoting *Haas v. Abrahamson*, 910 F.2d 384, 389 (7th Cir. 1990)). The federal courts may not grant habeas relief under Section 2254 unless the state court's judgment "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Before a federal court may review the merits of a habeas petition, the petitioner must exhaust his state court remedies, presenting his claims fully and fairly to the state court. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Fair presentment requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court." *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001). A full opportunity means that a petitioner "must invoke one complete round of the State's established appellate review process" to resolve any constitutional issues. *O'Sullivan*, 526 U.S. at 845. In Illinois, "one complete round" is finished once the petitioner has presented the habeas claims, whether on direct appeal or on post-conviction appeal, at each stage of the appellate process, up through the Illinois Supreme Court. *See O'Sullivan*, 526 U.S. at 847-48; *White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999). Failure to exhaust available state court remedies constitutes a procedural default. *See Howard v. O'Sullivan,* 185 F.3d 721, 725 (7th Cir. 1999); *Chambers*, 264 F.3d at 737. In this case, the petitioner has procedurally defaulted on all but one of his claims.

I. **Procedural Default**

A claim will be procedurally defaulted if either of the following is true: "(1) that claim was presented to the state courts and the state-court ruling against the petitioner rests on adequate and independent state-law procedural grounds, or (2) the claim was not presented to the state courts and it is clear that those courts would now hold the claim procedurally barred." *Perruquet v. Briley,* 390 F.3d 505, 515 (7th Cir. 2004); *see also Coleman v. Thompson*, 501 U.S. 722, 729-30, 115 L. Ed. 2d 640, 111 S. Ct. 2546 (1991); *Diggs v. Hulick*, No. 05-4563, .2007 WL 1544361, at *3 (7th Cir. May 29, 2007).

The petitioner presents seven claims of ineffective assistance of trial counsel. Except for petitioner's claim that trial counsel was ineffective for failure to interview and call as a witness Harold Woods, all claims of ineffective assistance of trial counsel are procedurally defaulted. The petitioner presented the claim of ineffective assistance of trial counsel to call Harold Woods to the state court in his first post-conviction petition and the Illinois Appellate Court dismissed it on the merits. This claim is preserved for review.

In his second post-conviction petition, the petitioner raised the claim that trial counsel was ineffective for failing to interview and call as alibi witnesses his mother, Earline Woods, and brother-in-law, Ranardo Harris. The Illinois Appellate Court affirmed the trial court's dismissal of this claim as waived because the petitioner could have raised this claim in his first post-conviction petition. Such waiver is an independent and adequate state law ground that bars federal habeas review. *See Whitehead v. Cowan*, 263 F.3d 708, 726-727 (7th Cir. 2001).

The petitioner first raised in his third post-conviction petition the remaining claims of ineffective assistance of trial counsel—failure to file motions to suppress the unduly suggestive photo array, physical lineup and in-court identification, as well as failure to allow the petitioner

8

to testify. Petitioner also first raised his claim that the trial judge failed to find him guilty beyond a reasonable doubt and six issues of ineffective assistance of direct appeal counsel similar to his claims regarding trial counsel in his third post-conviction petition. The Illinois Appellate Court affirmed the lower court's dismissal while granting petitioner's appellate counsel's *Finley* motion to withdraw. We must determine whether the state court dismissed the third post-conviction petition solely on independent and adequate state grounds or also considered the issues of federal law.

Federal courts on habeas review will presume that "there is no independent and adequate state ground for a state court decision when the decision fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion." *Coleman v. Thompson*, 501 U.S. 722, 734-735 (U.S. 1991) (internal quotations omitted). The Supreme Court in *Coleman* expressly declined to apply this presumption to "all cases in which a habeas petitioner presented his federal claims to the state court," because "federal habeas courts must ascertain for themselves if the petitioner is in custody pursuant to a state court judgment that rests on independent and adequate state grounds." *Id.* at 736.

Because the Illinois Appellate Court affirmed the third post-conviction petition's dismissal with the *Finley* motion, and made no mention of federal law, all claims raised on petitioner's third post-conviction petition were dismissed on independent and adequate state law grounds. Although the Illinois Appellate Court stated that it had "carefully reviewed the record in this case, the aforesaid brief and defendant's responses and have found no issues of arguable merit," nothing in its brief opinion indicates that state court considered any federal law issues. Appellate counsel does not cite federal law in her *Finely* motion to withdraw, but rather focuses

9

upon procedural Illinois law, specifically the Post-Conviction Hearing Act (the "Act"), 725 ILCS 5/122-1 *et seq*. The Act provides that only one post conviction petition may be filed by a petitioner without leave of the court, unless the petitioner shows both "cause" for not raising the claim in the first post-conviction petition and "prejudice" such that the conviction violates due process. 725 ILCS 5/122-1(2)(f).

Since the third post-conviction petition was summarily dismissed by the circuit court, the state respondent was not given, as is not required, an opportunity to submit a brief. *People v. Fielder*, 707 N.E.2d 1247, 1248 (Ill. 1999). Though the Illinois Appellate Court's opinion devotes two pages to a recitation of the facts and previous court proceedings, the section devoted to the lower court's ruling states only that the circuit court summarily dismissed petitioner's petition as "frivolous and patently without merit" with no further analysis. We find it likely that the lower court found petitioner's claims not proper under the Act. Therefore, petitioner's claims raised in his third post-conviction petition were dismissed on independent and adequate state law grounds.

The petitioner also raises a claim of violation of his Sixth and Fourteenth Amendment rights by the use of an unduly suggestive photo array. This claim was raised in his first post-conviction petition and waived because it should have been presented on direct appeal. Dismissal based on waiver is an independent and adequate state law ground that renders the claim procedurally defaulted for purposes of federal habeas review. *See Whitehead,* 263 F.3d at 726-727.

Finally, the petitioner claims his Sixth and Fourteenth Amendment rights were violated by the use of an unduly suggestive physical lineup and denial of due process and a fair trial because his arrest stemmed from hearsay evidence from an unidentified source. These claims

10

were raised for the first time on appeal to the Illinois Supreme Court from dismissal of his third post-conviction petition. Clearly, the petitioner did not invoke one complete round of the state's established appellate process on these claims, which renders them procedurally defaulted. *See O'Sullivan*, 526 U.S. at 845.

II. **Exceptions to Procedural Default**

Procedural default will not bar a federal court from granting relief on a habeas claim if "the petitioner demonstrates cause for the default and prejudice resulting therefrom." *Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87-88 (1977)). Alternatively petitioner must convince the court that a miscarriage of justice would result if his claims were not heard on the merits. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

The petitioner first addresses the second exception, arguing that a fundamental miscarriage of justice would result if his claims were not heard on the merits. In order to overcome a default using the fundamental miscarriage of justice exception, a petitioner "must demonstrate that he is actually innocent of the crime for which he was convicted—that is, he must convince the court that no reasonable juror would have found him guilty but for the errors allegedly committed by the state court." *Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004) (citing *Schlup v. Delo*, 513 U.S. 298, 327-29 (1995))

Petitioner professes actual innocence as required by the fundamental miscarriage of justice exception, but does not convince the court that a reasonable finder of fact would have found him not guilty based upon the alleged defects at trial given the State's compelling eyewitness testimony. The petitioner argues that: 1) his arrest stemmed from hearsay evidence provided by an unknown person; 2) he was identified through a highly suggestive photo array

and lineup; 3) his appearance differs from Kenya Wilson's description of the shooter; 4) expert witnesses proved that the victim was shot in a manner that conflicted with Kenya Wilson's testimony; 5) there was no physical evidence linking the petitioner to the crime; 6) the alibi witnesses were not presented at trial; and 7) the petitioner was not given an opportunity to testify by his trial counsel. Despite this laundry list of the petitioner's arguments, as discussed by the Illinois Appellate Court, there was substantial evidence of the petitioner's guilt.

In dismissing petitioner's first post-conviction petition for relief, the Illinois Appellate Court noted the strength of the State's evidence. The victim's sister, Kenya Wilson, "testified that defendant shot Omar in front of her." The victim's brother, Terrell Wilson, also saw the petitioner's face before he fled. Kenya identified the petitioner from a photo array about ten days after the shooting, and both siblings identified the defendant from a lineup and at trial. The State presented evidence that put the time of the murder between 11:30 p.m. and 12:00 a.m. In order to decide whether testimony from the petitioner's potential alibi witnesses would have demonstrated his actual innocence for purposes of this exception to procedural default, we must consider each witness's affidavit.

The petitioner's brother, Harold Woods, states that he, the petitioner, and their mother watched a television sitcom that ends at 11:30 p.m. Before the show ended, both brothers were told to go to bed by their mother. Harold Woods did not recall the petitioner leaving the house at any time thereafter. The petitioner's mother, Earline Woods, states that around 11:40 p.m. she went downstairs and told her sons to go to bed. Ranardo Harris, petitioner's brother-in-law, states that he went over to the Woods' home to pick up clothes around 11:50 p.m. He stayed for about a half an hour and saw that the petitioner was asleep in bed. We note that Harold Woods affidavit conflicts with his mother's concerning the time frame of events, although a ten-minute

difference is fairly negligible. If such testimony were presented at trial, the finder of fact would have had to weigh the credibility of each alibi witness against that of the State's eyewitnesses.

In light of the compelling eyewitness testimony by Kenya and Terrell Wilson, we find that a reasonable juror still might have found the petitioner guilty even if testimony from the petitioner's family had been presented. *See e.g., Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005) (holding that "it is black letter law that testimony of a single eyewitness suffices for conviction even if 20 bishops testify that the eyewitness is a liar."); *Branion v. Gramly*, 855 F.2d 1256, 1263 (7th Cir. 1988) (holding that a "trier of fact may disbelieve or reject any evidence."). Thus, petitioner fails to show that a fundamental miscarriage of justice would occur if the court does not hold a hearing on his procedurally defaulted claims.

Having found that the petitioner does not meet the "miscarriage of justice" exception, we now consider whether the "cause and prejudice" exception is satisfied. In order to establish "cause," the petitioner must show that some external objective factor prevented compliance with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish "prejudice," the petitioner "must show not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id*. at 494; *Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004).

The petitioner has raised claims of the ineffective assistance of appellate counsel which, arguably, can be used as the "cause" to excuse the procedural default. However, in order to find that a habeas claim is not defaulted due to cause and prejudice, the ineffective assistance of counsel claim itself must not have been defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 450-

451 (2000). Here, the petitioner's claims of the ineffective assistance of appellate counsel were not among the claims fully and fairly presented to the state courts.

Having found that the petitioner has not established that he meets either of the exceptions to the bar of procedural default, the court may not consider sixteen of the petitioner's seventeen claims on the merits. We now turn to the merits of the last claim.

III.    **Merits of the Preserved Claim**

The petitioner fully and fairly presented one claim of ineffective assistance of trial counsel in his first post-conviction petition to the state courts which we now consider on the merits. On habeas review, a federal court must find that the state court's dismissal of this claim "involved an unreasonable application of clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

We first consider whether the state court reasonably applied federal law. The Illinois Appellate Court properly articulated and applied the standard for ineffective assistance of counsel:

> To prove ineffective assistance of counsel, the defendant must first establish that his counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington,* 466 U.S. 668, 687-88, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). The defendant must also show that there is a reasonable probability that the result of the proceeding would have been different if counsel had not erred. *Strickland*, 466 U.S. at 694. Generally, a strategic decision by trial counsel not to call a specific witness will not support a claim of ineffective assistance of counsel. *People v. West,* 187 Ill. 2d 418, 432 (1999).

*People v. Woods,* No. 1-99-2174 (Ill. App. Ct. 1st Dist. Oct. 22, 2001). The Seventh Circuit has recognized that the "bar for establishing that a state court's application of the *Strickland* standard was 'unreasonable' is a high one: we have stated on prior occasion that only a clear error in

14

applying *Strickland* would support a writ of habeas corpus . . . because *Strickland* calls for inquiry into degrees, thereby adding a layer of respect for a state court's application of the legal standard." *Murrell v. Frank*, 332 F.3d 1102, 1111 (7th Cir. 2003) (internal citations, quotations, and other text features omitted). The Illinois Appellate Court stated that the "affidavit of Harold Woods was inconclusive as it alleged that he did not 'recall' defendant leaving the room on the night of the shooting." Further,"an examination of the record reveals that his testimony would not likely have changed the outcome of trial," given that the victim's sister testified that the victim was shot in front of her and both Kenya Wilson and Terrell identified the petitioner from a lineup and at trial. Clearly, the state court considered whether the outcome of the trial would have been different had testimony from the petitioner's brother been presented, and concluded that it would not have been because of the weight of the State's eyewitness testimony. Thus, the Illinois Appellate Court's dismissal of this claim did not involve "unreasonable application of Federal law."

Lastly, we consider whether the state court's dismissal of the claim of ineffective assistance of trial counsel "was based on an unreasonable determination of the facts" in light of the evidence presented to it. Having reviewed the Illinois Appellate Court's decision and the pleadings and exhibits submitted to the court on federal habeas review, there is nothing to suggest that the state court's dismissal was unreasonable. As noted above, the petitioner presented a single affidavit and "alleged in conclusory fashion" about what his other potential alibi witnesses might testify. Given the minimal alibi evidence presented by the petitioner in his post-conviction appeal compared to the State's two eyewitnesses' testimony on the record at trial, we conclude that the Illinois Appellate Court's decision meets the "minimally consistent" standard for reasonableness articulated by the Seventh Circuit. *See Schultz v. Page*, 313 F.3d

1010, 1015 (7th Cir. 2002) (holding that the "state court decision is reasonable if it is minimally consistent with the facts and circumstances of the case."); *Sanchez v. Gilmore,* 189 F.3d 619, 623 (7th Cir. 1999) (holding that the "criterion for assessing the reasonableness of a state court's application of Supreme Court case law, pursuant to § 2254(d)(1), is whether the determination is at least minimally consistent with the facts and circumstances of the case.").

Therefore, we find that the state court's dismissal of the claim of ineffective assistance of trial counsel for failure to present alibi evidence by Harold Woods did not involve an "unreasonable application of Federal law" nor "was based on an unreasonable determination of the facts." Relief based upon this claim is denied.

## CONCLUSION

For the foregoing reasons, we deny the Section 2254 petition for writ of habeas corpus brought by petitioner Forrest Woods. This is a final and appealable order. This case is terminated.

It is so ordered.

_____
Wayne R. Andersen
District Judge

Dated: December 21, 2007

t